**UNITED STATES**

v.

**Sergeant Dean E. MORTARA, FR 312–60–6705, Detachment 1, Headquarters, 2006th Communications Group, United States Air Forces in Europe.**

**ACM 22136.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 Sept. 1976.

Decided 4 Feb. 1977.

---

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Issac D. Benkin, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

BUEHLER, Senior Judge:

Having pleaded guilty to the lesser offenses of dishonorably failing to maintain sufficient funds in his account for payment of his checks upon presentment, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, the accused was convicted of 14 specifications of issuing worthless checks, with intent to defraud, contrary to Article 123a. The approved sentence extends to bad conduct discharge, confinement at hard labor for 18 months and reduction in grade to airman basic.

In a single assignment of error, appellate defense counsel contend:

THE ACCUSED WAS PREJUDICED BY THE ADMISSION OF A STIPULATION AMOUNTING TO A CONFESSION.

We agree.

Following acceptance of the accused's pleas of guilty to the lesser offenses, the only evidence produced by the Government in proof of the Article 123a check offenses consisted of the 14 checks in question and a stipulation of fact. According to this stipulation, the accused made and uttered all 14 checks, as alleged, not having sufficient funds in his joint account for their payment in due course, and each check was returned unpaid because of insufficient funds. Further stipulated is the fact that:

The accused, when notified by the U. S. Army Finance Officer that the above-

mentioned checks had been returned unpaid due to insufficient funds in his account . . . failed to redeem each of the aforementioned checks within five days of receipt of notice of their dishonor.

Article 123a makes punishable the making and uttering of any check, with intent to defraud, for the purpose of obtaining any article or thing of value, when the maker knows at the time of the making or uttering, that he has not or will not have sufficient funds in, or credit with, the bank for payment of that check in full upon its presentment. Manual for Courts-Martial, 1969 (Rev.), paragraph 202A. The Article further provides that the issuance of a check which is returned unpaid by the bank because of insufficient funds, is prima facie evidence of the maker's intent to defraud and of his knowledge of insufficient funds in, or credit with, that bank, unless he pays the holder the amount due within five days after receiving notice that the check was not paid upon presentment.

With respect to the use of stipulations of fact, the Manual provides:

The parties may make a written or oral stipulation as to the existence or nonexistence of any fact. If an accused has pleaded not guilty and the plea still stands, a stipulation which practically amounts to a confession should not be received in evidence . . . A stipulation should not be received in evidence if any doubt exists as to the accused's understanding of what is involved.

Manual for Courts-Martial, supra, paragraph 154b(1).

That the stipulation in issue "practically" amounted to a confession as to the Article 123a offenses is evident, as demonstrated by the accused's conviction of these crimes based solely on this exhibit. Nevertheless, there are certain circumstances under which such stipulations may be accepted in evidence despite an accused's pleas of not guilty.

In *United States v. Wilson*, 20 U.S.C.M.A. 71, 42 C.M.R. 263 (1970), the Court held that a stipulation indicating that while confined as a result of a court-martial conviction, the accused departed without authority and "was not seen or heard from again" until apprehended by agents of the Federal Bureau of Investigation, was admissible in evidence although the accused had pleaded not guilty to a charge of desertion terminated by apprehension. The Court perceived two significant omissions in the stipulation: (1) There was no indication that the accused was apprehended as a military absentee or that the circumstances were such as to terminate the absence by apprehension; and (2) there was no mention of the essential question of the accused's intent. With regard to these omissions, the Court reasoned:

Perhaps the duration of the absence and the intent can be inferred, but in a light most unfavorable to the accused, the inferences are not compelling, either in logic or on the basis of judicial precedent. Certainly, the accused did not regard the stipulation as conceding the intent; he predicated his defense upon testimony denying the intent . . . It is apparent from the record of trial that, if the stipulation supported an inference of an intent to remain away permanently, the accused and his counsel regarded it as so weak as to be readily overcome by the accused's sworn denial that he ever entertained that intent. The accused's trial view of the stipulation is entitled to weighty consideration.

42 C.M.R. 264–265.

In another case involving the issue before us, *United States v. Rempe*, 49 C.M.R. 367 (A.F.C.M.R.1974), this Court held that a stipulation of facts clearly constituting a confession was also properly admitted despite the accused's not guilty pleas to the offenses charged. However, we based our opinion on the fact that the accused had expressly consented to the stipulation's use after being informed by the military judge that it was inconsistent with his pleas. We noted that the accused had acknowledged having no doubt that the Government could otherwise prove the facts stipulated and that his only purpose in pleading not guilty was to preserve two preliminary motions made by his counsel for consideration on appeal.

In the case before us, there is an obvious distinction between the circumstances justifying acceptance of the stipulations in *Wilson* and *Rempe,* both supra, and those presently under consideration. Unlike *Wilson,* there are no omissions of essential facts in the instant stipulation, and here, the statutory rule of evidence as to the accused's requisite intent and knowledge, as opposed to the justifiable inference in *Wilson,* is compelling in the absence of rebuttal evidence. *United States v. Pollock,* No. S24455, 2 M.J. 373 (A.F.C.M.R. 31 Jan. 1977); see *United States v. O'Briant,* 32 C.M.R. 933 (A.F.B.R.1963); *United States v. Lovell,* 7 U.S.C.M.A. 445, 22 C.M.R. 235 (1956); *United States v. Crowell,* 9 U.S.C.M.A. 43, 25 C.M.R. 305 (1958); Manual for Courts-Martial, supra, paragraph 202A, page 28–57. And contrary to the *Rempe* situation, the present record of trial does not reflect the accused's intelligent and knowing consent to the stipulation with regard to its inconsistency with his pleas.

For the reasons stated, we find that the military judge erred in accepting into evidence the stipulation of fact in issue.

Although in consequence of the error discussed we cannot affirm the Article 123a check offenses of which the accused was convicted, we may nevertheless affirm the lesser included Article 134 worthless check offenses as to which the accused providently pleaded guilty. *United States v. Langford,* 46 C.M.R. 1058 (A.F.C.M.R.1973), pet. denied, 46 C.M.R. 1323 (1973). We believe this to be the most practical disposition.

Accordingly, only so much of the findings of guilty of each specification of the Charge as finds that the accused made and uttered the checks, in the particulars and for the purpose alleged, and thereafter did dishonorably fail to maintain sufficient funds in the referenced bank for payment thereof in full upon presentment, in violation of Article 134, Code, supra, is correct in law and fact. Having reassessed the approved sentence in light of this action and on the basis of the entire record, so much thereof as exceeds bad conduct discharge, confinement at hard labor for 12 months and reduction to airman basic is hereby set aside.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

HERMAN and ORSER, Judges, concur.